Case 5:25-cv-00260   Document 21   Filed 01/13/26 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DIANA BANCHI PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-260 |
| | § | |
| KRISTI NOEM, ET AL., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Diana Banchi Perez is currently in federal custody at the Laredo Detention Center in Laredo, Texas. (Dkt. No. 1 at 2).[1] Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Government's Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, (Dkt. No. 14). The issue before the Court is whether Petitioner, an undocumented immigrant, is entitled to a bond hearing before an Immigration Judge. This Court is not considering whether Petitioner should be released on bond, as that decision lies with an Immigration Judge.

### I. BACKGROUND

Petitioner, a citizen of Mexico, challenges her ongoing detention without a bond hearing and Respondents' statutory authority to detain her. According to her petition, Petitioner entered the United States without inspection in 2001. (Dkt. No. 1 at 6; *see also* Dkt. No. 15 at 4–5). Petitioner was detained following her arrest by Dallas Police Department for driving while intoxicated. (Dkt. No. 15 at 4). Petitioner has no criminal history aside from this arrest. (*Id.*).

Petitioner was transferred into U.S. Immigration and Customs Enforcement (ICE) custody on November 12, 2025, and served a Notice to Appear (NTA). (*Id.* at 5, 9). Her

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

NTA states that she is a "an alien present in the United States who has not been admitted or paroled." (*Id.* at 9). At the time her federal custody began, Petitioner had been residing in the United States for over twenty-four years. When she entered without inspection in 2001, she was three years old. (*Id.* at 4).

Petitioner filed the instant petition for a writ of habeas corpus, asserting that she is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Dkt. No. 1). She requests, among other things, that the Court issue an order requiring Respondents immediately provide a bond hearing.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Motion to Dismiss

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002).

### B. 28 U.S.C. Section 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Oyelude v. Chertoff*, 125 F. App'x

543, 546 (5th Cir. 2005).

### C. 8 U.S.C. Sections 1226 and 1225

Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General may release an alien detained under § 1226(a) on bond or conditional parole." *Jennings*, 583 U.S. at 288 (citation modified). But "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* (quoting § 1225(b)(2)(A)). Hence, "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an [Immigration Judge (IJ)] at any time before entry of a final removal order." *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025).

### III. DISCUSSION

Respondents request that the Court dismiss this petition for a lack of subject matter jurisdiction because Petitioner is properly detained under 8 U.S.C. § 1225. Before addressing the merits of Respondents' motion and the underlying petition, the Court considers the effect of a recently certified class.

### A. Effect of the *Maldonado Bautista* Class Action

On November 25, 2025, a district court in the Central District of California certified a nationwide class under Rule 23(b)(2). *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying a class including "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial

custody determination").

That court previously granted petitioners partial summary judgment and then "extend[ed] the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." *Id.*; *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). The declaratory relief granted states that Respondents' new interpretation and mandatory detention policy under Section 1225(b)(2) is unlawful. *Maldonado Bautista*, 2025 WL 3289861, at *5, 11. The court there recently entered a final judgment declaring that the Bond Eligible Class is not subject to mandatory detention, vacating Respondents' policy as contrary to law, and certifying the claims for appeal. *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025). According to the docket sheet, Respondents in that case filed a notice of appeal to the Ninth Circuit.

Respondents do not address the class action or state whether Petitioner is a class member. (*See* Dkt. No. 4) (ordering parties to "address whether Petitioner is a class member and the effect, if any, of the class certification and declaratory relief in their filings with the Court."). Petitioner contends that she is a class member, and the Court agrees. Petitioner goes further to argue that the declaratory relief in the class action binds the Court. (Dkt. No. 17 at 6). Whether the Court is bound by the court's orders in *Maldonado Bautista* or not, the outcome of the petition in this instant case is the same: Petitioner is entitled to a bond hearing. Even assuming that the Court is not bound by the final judgment, the Court reaches the same conclusion in finding that Petitioner is detained unlawfully under Section 1225(b)(2)(A) based on the independent grounds stated below.

### B. The Court Has Jurisdiction

Respondents move to dismiss the petition for lack of subject matter jurisdiction under Rule 12(b)(1) on the basis that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. (Dkt. No. 14). However, the Court clearly has jurisdiction to consider Petitioner's statutory and constitutional claims that she is detained in violation of the law under 28 U.S.C. § 2241. A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas*, 533 U.S. at 687; *see also Demore*, 538 U.S. at 517; *Oyelude*, 125 F. App'x at 546. For this reason, Respondents motion to dismiss for

lack of subject matter jurisdiction, (Dkt. No. 14), is **DENIED**.

### C. Petitioner Is Entitled to a Bond Hearing Under Section 1226(a)

In evaluating Petitioner's petition, the primary issue here is whether she has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), which prescribes mandatory detention during removal proceedings, or if she is subject to 8 U.S.C. § 1226(a), which provides for discretionary detention and a bond hearing. Petitioner contends that she is entitled to a bond hearing under Section 1226(a), while Respondents argue that she is subject to mandatory detention under Section 1225(b)(2), and therefore not entitled to a bond hearing.

The Court has considered this issue in similar cases.[2] The substantial majority of district courts to consider this issue, including this Court, have concluded, "the statutory text, the statute's history, Congressional intent, and [Section] 1226(a)'s application for the past three decades" support application of Section 1226. *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (quoting *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *4 (E.D. Mich. Sep. 9, 2025) and citing *Lopez-Arevelo*, 2025 WL 2691828, at *7); *see also Rodriguez v. Bostock*, No. 3:25-CV-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases). Other courts have interpreted the statute differently, adopting Respondents' interpretation. *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-CV-4830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177, slip op. (N.D. Tex. Oct. 24, 2025); *Chavez v. Noem*, No. 3:25-CV-2325, 2025 WL 2730228 (S.D. Cal. Sep. 24, 2025); *Vargas Lopez v. Trump*, No. 8:25CV526, 2025 WL 2780351 (D. Neb. Sep. 30, 2025).

Respondents ask the Court to reconsider its prior interpretation of the statute and rejection of Respondents' arguments. The Court is not persuaded by the analysis that

---

[2] *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Ortiz-Ortiz v. Bondi*, No. 5:25-CV-132, slip op. (S.D. Tex. Oct. 15, 2025); *Perdomo Flores v. Noem*, No. 5:25-CV-162, slip op. at 5 (S.D. Tex. Nov. 25, 2025); *Leon Morales v. Warden of Rio Grande Processing Center*, No. 5:25-CV-141, slip op. (S.D. Tex. Dec. 11, 2025); *Luviano v. Noem*, No. 5:25-CV-188, slip op. (S.D. Tex. Dec. 12, 2025); *Gonzalez Rodriguez v. Bondi*, No. 5:25-CV-191, slip op. (S.D. Tex. Dec. 18, 2025); *Lopez Amaya v. Noem*, No. 5:25-CV-196, slip op. (S.D. Tex. Dec. 19, 2025); *Colmenero Lopez v. Noem*, No. 5:25-CV-221, slip op. (S.D. Tex. Dec. 22, 2025); *Solares Rodriguez v. Noem*, No. 5:25-CV-222, slip op. (S.D. Tex. Dec. 24, 2025); *Manzanares Hernandez v. Noem*, No. 5:25-CV-243, slip op. (S.D. Tex. Dec. 30, 2025); *Moncada Velazquez v. Morales*, No. 5:25-CV-272, slip op. (S.D. Tex. Dec. 31, 2025); *Morejon Villalobos v. Vergara*, No. 5:25-CV-246, slip op. (S.D. Tex. Jan. 7, 2026).

Respondents' arguments rely on. The Court will not repeat in detail the "well-reasoned analyses" supporting its interpretation of the statute. *See Perdomo Flores*, No. 5:25-CV-162, slip op. (Nov. 25, 2025); *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (citing *Chogllo Chafla v. Scott*, No. 2:25-CV-437, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025)). Having considered the parties' arguments and evaluated the analyses of the various district courts around the country, the Court concludes that Section 1226(a) governs Petitioner's detention, and Petitioner is entitled to a bond hearing.

### D. Remedy

Because the Court finds that Petitioner's detention is properly construed as falling under Section 1226(a) and that she is entitled to a bond hearing, the Court grants Petitioner's petition for a writ of habeas corpus. A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful detention without a bond hearing—is remedied by granting her request for a bond hearing under Section 1226(a) and enjoining Respondents from denying bond on the basis that she is detained under Section 1225. Given the liberty interest at stake, the Court finds that Respondents must provide Petitioner a bond hearing promptly, by the deadline ordered below.

Therefore, the Court, exercising its equitable discretion in fashioning appropriate habeas relief, further orders Respondents to immediately release Petitioner if a bond hearing is not provided by the deadline ordered below, unless and until it is determined that she should be detained pursuant to the standard set forth in 8 U.S.C. § 1226.[3] *See e.g.*, *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *10 (E.D. Mich. Aug. 29, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-CV-835, 2025 WL 2676729, at *9 (D.N.M. Sep. 17, 2025); *Kostak v. Trump*, No. CV 3:25-1093, 2025 WL 2472136, at *4 (W.D. La. Aug. 27, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *13.

---

[3] Petitioner challenges her detention on both statutory and constitutional grounds. (Dkt. No. 1 at 3, 8–9). The Court "will decline to decide the merits' of the due process claim 'given that the Court will grant the relief she seeks based on its interpretation of the applicability of § 1226(a).'" *Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.4 (quoting *Pizarro Reyes*, 2025 WL 2609425, at *8).

## IV. CONCLUSION

For the foregoing reasons, Government's Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, (Dkt. No. 14), is **DENIED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **GRANTED in part**.

The Court **ORDERS** Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) **by January 22, 2026.** If Petitioner is not provided a bond hearing, Respondents are **ORDERED** to release Petitioner **by January 22, 2026.** If Petitioner is released, Respondents must notify Petitioner's counsel of the exact time and location of release **no less than two hours** before her release.

No later than **January 26, 2026, at 5:00 p.m.,** the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. The parties should also notify the Court if the Government seeks a stay of the IJ's bond decision under 8 C.F.R. § 1003.19(i).

It is so **ORDERED**.
**SIGNED** on January 13, 2026.

_____
John A. Kazen
United States District Judge